JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

**Proceedings:**        **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO STAY**

Plaintiffs Bradley D. Larsen, et al. ("Plaintiffs") seek to recover class-wide damages because of securities purchased on the basis of allegedly false and misleading information. The now-bankrupt Real Estate Partners ("REP") marketed and sold these securities. REP, however, is not the defendant here.

Instead, the Defendants are Coldwell Banker Real Estate Corporation and Coldwell Banker Real Estate, LLC ("Defendant"). Defendant was a franchisor of Coldwell Banker Commercial Real Estate Partners ("CB/REP"). CB/REP was owned in part by REP. REP itself is not a franchisee of Coldwell Banker.

Defendant now files a Motion to Dismiss ("Motion") the First Amended Class Action Complaint ("FAC"). Defendant also moves, in the alternative to stay ("Motion to Stay"). After reviewing all papers and arguments submitted, the Court GRANTS the Motion to

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|----------|----------------------------|------|------------------|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

dismiss with leave to amend and GRANTS the Motion to Stay.

**BACKGROUND**

The following facts come from the FAC and, as it must for this Rule 12(b)(6) Motion, the Court assumes them to be true.  REP enticed members of the public to invest approximately $55 million into its allegedly "fraudulent, unregistered real estate-related security 'investments.'"  (FAC at ¶ 1.)  CB/REP allegedly orchestrated and actively participated in the fraudulent scheme.  (FAC at ¶ 20.)  The scheme was built around, and depended on, CB/REP's use of the Coldwell Banker name.  (FAC at ¶ 20.)

Coldwell Banker's role in all of this was limited.  Coldwell Banker "knew or should have known that this fraudulent scheme was happening; allowed it to happen; and continued to allow it to happen despite an easy means to stop it."  (FAC at ¶ 2.)  Coldwell Banker also allegedly was remunerated by CB/REP with franchise fees and "possibly commissions" from proceeds of the fraudulent investments.  (FAC at ¶ 21.)

The Securities and Exchange Commission ("SEC") filed suit in 2007 in this Court (SACV 07-1022 AG (RNBx)) ("SEC Action").  The SEC Action was against REP, the relevant investment funds, and certain REP principals for violations of federal securities laws.  (FAC at ¶ 22.)  Among the relief sought was disgorgement to the defrauded investors – the class members here – of REP's alleged ill-gotten gains.  (FAC at ¶ 22.)  REP filed a voluntary bankruptcy petition soon after the SEC suit commenced.  (FAC at ¶ 23.)

Plaintiffs also filed suit in *Joint Equity Committee v. Dawson Davenport, et al.*, SACV 08-8551 AG (MLGx), in December 2008 ("Parallel Action").  In the Parallel Action

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|----------|---------------------------|------|------------------|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

complaint, Plaintiffs allege that "Between January 2003 and August 2006, REP, by and through Defendants [not including CB/REP] enticed the approximately 1600 Victims to invest." (RJN 1, p. 8.) In contrast, Plaintiffs allege in the FAC that, "Beginning in January of 2003, and continuing until approximately October of 2006, CB/REP orchestrated and actively participated in the Fraudulent Scheme, and did in fact defraud, approximately 1,600 Class Members in the United States." (FAC at ¶ 20.) The Parallel Action complaint does not allege any claims against Coldwell Banker or CB/REP.

In 2009, in the SEC Action, this Court ordered disgorgement in the amount of approximately $53 million *to the Class Members* pursuant to a reorganization or liquidation plan in the bankruptcy. (SEC Action, Dkt. # 26.) To date, no disgorgement has been made. (FAC at ¶ 28.) But "it became clear in the beginning of 2010 that the assets of REP, the Investment Funds, and the REP principals would be insufficient to make the Class Members whole. *As a result* and in light of Coldwell Banker's recently discovered complicity," Plaintiffs filed this lawsuit. (FAC at ¶ 29) (emphasis added). As Plaintiffs argue in their Opposition, they filed this Motion because of concerns that REP would be unable to satisfy the judgment already obtained on their behalf and they sought a defendant who could pay. (Reply at 25:5-7.)

Plaintiffs allege six claims against Coldwell Banker, numbered as follows: (1) negligence; (2) fraud; (3) negligent misrepresentation; (4) unfair business practices under California Business and Professions Code § 17200 et seq. ("§ 17200"); (5) false advertising under California Business and Professions Code § 17500 ("§ 17500"); and (6) aiding and abetting.

**PRELIMINARY MATTERS**

**1.      JUDICIAL NOTICE**

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

Defendants request that the Court take judicial notice of the following documents in support of its Motion to Dismiss, identified as follows:

(1) the Third Amended Complaint filed August 13, 2009, in *Joint Equity Committee of Investors of Real Estate Partners, Inc. and its Related Entities v. Dawson Davenport, et al.*, Case No. CV 08-8551 AG (MLGx) (C.D. Cal.);

(2) the Complaint for Violations of the Federal Securities Laws filed by the Securities & Exchange Commission in *Securities & Exchange Commission v. Real Estate Partners, Inc., et al.*, SACV07-1022 AG (RNBx) (C.D. Cal.) on September 6, 2007;

(3) excerpts of a true and correct print out of the docket maintained on the Public Access to Court Electronic Records database of the bankruptcy matter *In re Real Estate Partners, Inc.*, No. 8:07-bk-13239-TA (Bankr. C.D. Cal.);

(4) the Final Judgment entered September 2, 2009 in the action entitled, *Securities & Exchange Commission v. Real Estate Partners, Inc., et al.*, SACV07-1022 AG (RNBx) (C.D. Cal.);

(5) the Plan of Liquidation Dated August 11, 2010 filed in the bankruptcy matter *In re Real Estate Partners, Inc.*, No. 8:07-bk-13239- TA (Bankr. C.D. Cal.);

(6) the Appointment and Notice of Appointment of Joint Committee of Equity Holders filed December 20, 2007 in the bankruptcy matter, *In re Real Estate Partners, Inc. and Its Related Entities*, Case No. 8:07-bk-13239-TA (Bankr. C.D. Cal.);

(7) the Order Setting Status Conference and Order Granting Revised Stipulation (1) Transferring Standing To Assert Certain Claims and Causes of Action to the Joint Equity Committee; and (2) Authorizing Joint Equity Committee to Pursue Certain Claims and Causes of Action *Nunc Pro Tunc* entered by the bankruptcy court in *In re Real Estate Partners, Inc.*, Case No. 8:07-bk-13239 TA (Bankr. C.D. Cal.) on July 6, 2009.

Defendant also requests that the Court take judicial notice of the following documents in support of its Reply in Support of the Motion to Dismiss, numbered as follows:

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

(Supp. 1) the Motion for Supplemental Order Regarding Employment of Newhouse Seroussi and for Approval of the Employment of Spiro Moss LLP as Special Litigation Counsel filed November 3, 2010, in the bankruptcy matter, In re Real Estate Partners, Inc., No. 8:07-bk-13239-TA (Bankr. C.D.Cal.);

(Supp. 2) the Declaration of Michael Newhouse In Support of the Motion for Supplemental Order Regarding Employment of Newhouse Seroussi and for Approval of the Employment of Spiro Moss LLP as Special Litigation Counsel filed November 3, 2010, in the bankruptcy matter, In re Real Estate Partners, Inc., No. 8:07-bk-13239-TA (Bankr. C.D.Cal.);

(Supp. 3) Plaintiff's initial disclosure dated October 28, 2010 for this matter;

(Supp. 4) the Order Granting Revised Stipulation filed July 7, 2009 in the bankruptcy matter, In re Real Estate Partners, Inc., No. 8:07-bk-13239-TA (Bankr. C.D.Cal.);

(Supp. 5) the Revised Stipulation (1) Transferring Standing to Assert Certain Claims and Causes of Action to the Joint Equity Committee and (2) Authorizing Joint Equity Committee to Pursue Certain Claims and Causes of Action Nunc Pro Tunc, filed April 8, 2009, in the bankruptcy matter, In re Real Estate Partners, Inc., No. 8:07-bk-13239-TA (Bankr. C.D.Cal.);

(Supp. 6) the creditors list filed November 19, 2007 in the bankruptcy matter, In re Real Estate Partners, Inc., No. 8:07-bk-13239-TA (Bankr. C.D.Cal.).

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Plaintiff did not oppose the Request for Judicial Notice. The Court finds that the documents at issue meet the requirements of Rule 201, and, to the extent judicial notice is needed, the request

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

for judicial notice is GRANTED.

**2.    ADDITIONAL FILINGS**

After Defendant filed its reply, Plaintiffs filed a document entitled Objections To and Request to Strike Portions of Defendant's Reply ("Objections").  (Dkt. # 24.)  Defendant then filed a Response to Plaintiffs' Objections and Request to Strike ("Response").  (Dkt. # 25.)  Under Local Rule 7-10, "Absent prior written order of the Court, the opposing party shall not file a response to the reply."  Neither party requested leave to file additional papers.

A district court may refuse to consider new arguments submitted for the first time in a reply if the arguments should have been presented with the opening brief. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006).  Defendant raises new arguments in its Reply, regarding standing and *in pari delicto* defenses.  But Defendant rightfully argues that it lacked the necessary information to make those arguments at the time of the Motion because the relevant document in the REP bankruptcy action had not yet been filed.

A district court may consider new arguments in a reply if it gives the opposing party a chance to respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  Here, Plaintiffs had an opportunity to respond in their additional filing.  Despite the parties' failure to request leave, the Court has discretion to accept such additional papers.  The Court accepts the filing of the Objections and Response.  The Court treats Plaintiffs' additional filing as a sur-reply and Defendant's filing as a response to a sur-reply.

**<u>ANALYSIS</u>**

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-0401 AG (MLGx) | Date | December 6, 2010 |
|---|---|---|---|

| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. |
|---|---|

1.      **OSTENSIBLE AGENCY**

The parties disagree about how many of the six claims depend on ostensible agency. The parties agree that the fraud and negligent misrepresentation claims are based on ostensible agency. And the parties agree that the negligence and aiding and abetting claims are based on Defendants' own direct actions. But the parties dispute whether the unfair business practices and false advertising claims are based on agency or another theory. Defendant argues that the § 17200 claim and the § 17500 claim depend on an ostensible agency theory and therefore fail along with the fraud and negligence claims. Plaintiffs argue that Defendant is directly liable under principles of aiding and abetting. (Opp'n at 21:6-15.) Plaintiffs acknowledge that their § 17200 and § 17500 claims fail under a theory of vicarious liability. (Opp'n at 21:25-27.) Because of that acknowledgment, the Court will address the § 17200 claim and the § 17500 claim under the Plaintiffs' proposed liability theory of aiding and abetting, not under the theory of ostensible agency.

Thus, the issue of ostensible agency is involved in the analysis of only two claims: fraud and negligent misrepresentation. The Court turns now to whether Plaintiffs have stated those two claims.

But there is a threshold problem. The FAC – alone and when compared to the SEC Action and the Parallel Action – is unclear about whether REP, or CB/REP, or both, were actively involved in and responsible for the fraudulent scheme. If REP was responsible, then REP needs to be the ostensible agent of Defendant for agency liability to attach to Defendant. And if CB/REP was responsible, then CB/REP needs to be the ostensible agent of Defendant for liability by Defendant. But then, if only REP was responsible, and only CB/REP is the ostensible agent of Defendant, then Defendant can have no liability for the actions of REP.

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
| --- | --- | --- | --- |
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

Plaintiffs primarily argue that CB/REP is the ostensible agent of Defendant. This is essentially irrelevant if REP is the only wrongdoer. And from the introduction to the FAC and from the complaint in the SEC Action (RJN 2) and from the Parallel Action (RJN 1), it seems that the fraudulent investment misconduct was done by REP, not by CB/REP. Plaintiffs have not clearly alleged CB/REP's specific role in the fraudulent scheme.

As noted, if REP is the only bad actor here, Plaintiffs would need to allege that REP was an ostensible agent of Defendant to create liability in this lawsuit. But Plaintiffs do not sufficiently allege that agency and focus instead on whether CB/REP is the agent of Defendant. To make matters worse, in a footnote to their Opposition, Plaintiffs start to argue that Defendant is liable for the actions of subagents, seemingly contending that REP might be a subagent of Defendant.

At this point the Court cannot determine the question of ostensible agency because it is unclear what is being alleged and argued. Plaintiffs should clarify: (1) what actions were taken by REP; (2) what actions were taken by CB/REP; (3) whether REP is the ostensible agent of Coldwell Banker; and (4) whether only CB/REP is the ostensible agent of Coldwell Banker.

Defendant's Motion to dismiss the second and third claims, for fraud and negligent misrepresentation respectively, is GRANTED with leave to amend.

**2.     OTHER CLAIMS**

As discussed above, the remainder of Plaintiffs' claims do not depend on the ostensible agency analysis. The Court addresses the four remaining claims in turn.

**2.1     Negligence**

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

The parties agree that the negligence claim is based on Defendants' own conduct. Plaintiffs allege, without more, that Defendants had a "duty to the public." (FAC at ¶ 159.) Plaintiffs allege that Defendants breached that duty by, among other actions, failing to properly vet REP before it purchased a Coldwell Banker franchise (FAC at ¶ 160(a)), by failing to swiftly terminate the CB/REP franchise (FAC at ¶ 160(d)), and failing to stop REP from using the Coldwell Banker name to promote its investments after the CB/REP franchise was terminated (FAC at ¶ 160(e)).

Defendants argue that Plaintiffs fail to establish the necessary elements of duty and causation. The Court agrees. Generally "one owes no duty to control the conduct of another, or to warn those endangered by such conduct" absent a "special relationship." *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1129 (2002). A franchisee-franchisor relationship does not constitute a "special relationship." *See Wickham v. Southland Corp.*, 168 Cal.App.3d 49, 61-62 (1985). Plaintiffs do not allege a special relationship. The only duty alleged is a general "a duty to the public," which is insufficient here to give rise to a claim for negligence. (FAC at ¶ 159.)

Plaintiffs also have not sufficiently alleged causation. The harm here is the defrauding of class members through their REP investments. Plaintiffs allege, "Both Coldwell Banker's actions and its failure to act caused and allowed Plaintiffs and other Class members to be defrauded by CB/REP." (FAC at ¶ 161.) But the FAC does not support the inference of causation between Defendant's actions or inactions and the harm to the Plaintiffs.

Defendants' Motion to dismiss the first claim, for negligence, is GRANTED with leave to amend.

### 2.2    Unfair Business Practices, § 17200

**JS-6/STAYED**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

As already noted, the parties do not agree whether this claim relies on agency theories. Plaintiffs argue that Defendant is liable based on aiding and abetting principles, and Defendant argues that the claim relies on a failed agency theory.

Plaintiffs argue that Defendant is liable for aiding and abetting an intentional tort and that "[w]hile a defendant cannot be vicariously liable for another entity's UCL violations, it is well-established that common law aiding and abetting principles support liability under the UCL." (Opp'n at 21:25-27.)  The fourth claim in the FAC actually alleges elements of actual agency ("by way of its control over CB/REP") and ostensible agency (by "its knowledge and ratification of CB/REP's acts") – and says nothing about aiding and abetting – but the Court will follow Plaintiffs' reinterpretation for purposes of this Motion.  (FAC at ¶ 196.)

"A party can be liable for aiding and abetting an intentional tort if . . . an individual is aware that the other's conduct constitutes a breach of duty *and provides substantial assistance or encouragement* to the other to so act."  *River Colony Estates General Partnership v. Bayview Financial Trading*, 287 F.Supp.2d 1213, 1225 (S.D.Cal. 2003) (emphasis added).  Here, Plaintiffs have not alleged "substantial assistance or encouragement."  At most, Plaintiffs have alleged that Defendant failed to stop CB/REP's behavior, which is not sufficient.

Furthermore, § 17200 does not apply to securities transactions.  As California courts have found, "[B]ased on persuasive federal and out-of-state authority, we conclude that section 17200 does not apply to securities transactions."  *Bowen v. Ziasun Tech., Inc*., 116 Cal.App.4th 777, 788 (2004).  Even though the FAC does not include a claim for violation of securities laws, the underlying fraudulent scheme was based on securities transactions.  ("REP managed to entice members of the public to invest . . . into its

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
| --- | --- | --- | --- |
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

fraudulent, unregistered real estate-related security 'investments.' . . . These securities 'investments' were frauds.) (FAC at ¶¶ 1, 3.) Even more compelling, the SEC itself filed an action against REP for its violations. Regardless of whether the FAC includes a securities-law claim, the transactions at issue are clearly based on securities. Under California law, § 17200 does not apply to securities transactions.

Defendant's Motion to dismiss the fourth claim, for violation of the California Business and Professions Code § 17200, is GRANTED with leave to amend.

### 2.3 False Advertising, § 17500

Plaintiffs also argue that this claim, for violation of the False Advertising Law, is based on a theory of aiding and abetting rather than agency. But aiding and abetting principles fail to support this claim for the same reasons as in Section 2.2. "Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 879 (2007). Plaintiffs do not allege any actions by Coldwell Banker itself that would constitute "substantial assistance or encouragement." *River Colony Estates*, 287 F.Supp.2d at 1225.

Defendants' Motion to Dismiss the fifth claim, for violation of § 17500, is GRANTED with leave to amend.

### 2.4 Aiding and Abetting

Again, Plaintiffs allege specific inactions by Defendants but fail to allege any specific instances of "substantial assistance or encouragement." *River Colony Estates*, 287 F.Supp.2d at 1225. Plaintiffs conclusorily allege, "As a result of . . . other alleged actions and inactions by Coldwell Banker, Coldwell Banker gave substantial assistance to

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

CB/REP's unlawful, unfair, deceitful and fraudulent acts and breaches of duties and fiduciary duties." (FAC at ¶ 212.) Plaintiffs also allege various inactions by Defendants but do not point to a specific action by Defendants that aided or abetted CB/REP or REP in perpetrating the alleged underlying fraud.

Defendants' Motion to Dismiss the sixth claim, for aiding and abetting, is GRANTED with leave to amend.

**3. STANDING AND IN PARI DELICTO**

In their Reply, Defendant presents new, additional grounds for dismissing the FAC. Defendant challenges Plaintiffs' standing and presents an in pari delicto defense. Because the Court grants the Motion on other grounds, the Court declines to address these arguments at this time. If it wishes, Defendant may raise these arguments in a future motion without prejudice.

**4. MOTION TO STAY**

Defendant also brings a Motion to Stay. District courts have the "inherent power" to stay proceedings. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997); see also *Landis v. North American Co.* , 299 U.S. 248, 255 (1936) ("the power [of a District Court] to stay proceedings is incidental to the power inherent in every court to control . . . its docket"). Courts generally consider three factors when determining whether to grant a stay: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Defendant argues that a stay should be entered pending the outcome of the REP bankruptcy. As stated previously, Plaintiffs and putative class members already received a judgment in the amount of approximately $53 million from REP based on the same general acts alleged in the FAC. According to the settlement with the SEC, REP will satisfy its disgorgement obligation by paying this amount to the purported class of investors through its bankruptcy plan. (FAC at ¶ 28.) Defendant argues that recovery against them here would constitute "double recovery," and Plaintiffs cannot recover for the same loss twice. (Motion at 24:27-28.)

The Court considers the three *Lockyer* factors. First, the only damage to Plaintiffs from granting a stay is a potentially delayed recovery from Defendants. But Plaintiffs have not yet stated a valid claim against Defendant, so recovery is uncertain. Next, the hardship to Defendant is expense of litigating a case and the potential for an adverse judgment, when Plaintiffs might recover their full losses from another party. Third, the interests of justice are served by waiting to see if Plaintiffs will recover the full value of their losses, before the Court moves forward with this litigation. Plaintiffs have nearly explicitly argued that they brought this lawsuit to find a deeper pocket than the debtor REP, against whom they already have a substantial judgment. *See* Reply at 25:5-7 ("Indeed, the certainty of REP's inability to fully satisfy judgment to Plaintiffs . . . *was precisely the reason* why Plaintiffs filed this action" (emphasis added). The interests of justice are not served by allowing Plaintiffs to fish around in a deeper pocket while a $53 million judgment is outstanding for the same alleged harms.

Therefore, the Court GRANTS the Motion to Stay. The case is stayed until the REP Bankruptcy Plan is approved by the Bankruptcy Court.

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0401 AG (MLGx)** | Date | December 6, 2010 |
|---|---|---|---|
| Title | JOINT EQUITY COMMITTEE OF INVESTORS OF REAL ESTATE PARTNERS INC. v. COLDWELL BANKER REAL ESTATE CORPORATION, et al. | | |

**DISPOSITION**

The Court GRANTS the Motion to Dismiss in its entirety, with leave to amend.  The Court also GRANTS the Motion to Stay.  The case is stayed until the REP Bankruptcy Plan is approved by the Bankruptcy Court.  Within 21 days after the stay is lifted, Plaintiffs may file an amended complaint.

_____ : ___0___

Initials of
Preparer                    lmb_____