ORIGINAL

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY B. LARSEN, AS TRUSTEE OF THE BRAD AND CINDY LARSEN LOVING TRUST, et al. <br><br> Plaintiffs, <br><br> v. <br><br> COLDWELL BANKER REAL ESTATE CORPORATION, et al. <br><br> Defendants. | CASE NO. SACV 10-401 AG (MLGx) <br><br> ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND ALLOCATING PAYMENT |

Plaintiffs Bradley B. Larsen, et al. ("Plaintiffs") represent a class of investors who allegedly lost money in a fraudulent real estate securities scheme. Plaintiffs filed an unopposed Motion for Settlement Approval of Class Action Settlement ("Motion"). The Court GRANTS the Motion.

The Court gave preliminary approval of the proposed class action settlement ("Settlement") in September 2012 and authorized class counsel to give notice of the Settlement to the class members. (Dkt. No. 198.) Adequate notice was given. No class members objected to the proposed settlement or opted out.

On March 4, 2013, the Court held a final fairness hearing on this Motion. The Court has considered the arguments made at the hearing, all the papers related to this Motion, and all the papers related to the Motion for Preliminary Approval of Settlement. The Court finds that the class is appropriate for certification for the purposes of settlement under Federal Rule of Civil Procedure 23. The Court also finds that the terms of the settlement are fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e)(2). As part of the Court's fairness analysis, the Court reviewed the attorney fees and costs that would be dispersed to class counsel from the settlement proceeds. The Court finds that the attorney fees and costs are appropriate, considering many factors including the risk that class counsel faced in litigating this case, the skill and experience of class counsel, and the result achieved for the class members.

The Court approves and incorporates by reference the attached two orders proposed by class counsel: (1) Proposed Order and Final Judgment (Dkt. No. 202-3) (attached as "Exhibit 1") and (2) Proposed Order Allocating Payments from Gross Settlement Fund (Dkt. No. 202-4) (attached as "Exhibit 2").

IT IS SO ORDERED.

DATED: March 5, 2013

Andrew J. Guilford
United States District Judge

EXHIBIT 1

1  MICHAEL R. NEWHOUSE (SBN 211204)
   mnewhouse@newhouseseroussi.com
2  RUTH L. SEROUSSI (SBN 182623)
   rseroussi@newhouseseroussi.com
3  SUZANNE M. HENRY (SBN 204772)
   shenry@newhouseseroussi.com
4  **NEWHOUSE|SEROUSSI Attorneys, PC**
   1800 Century Park East, 6th Floor
5  Los Angeles, California 90067
   Telephone: (310) 684-3162
6  Facsimile:  (310) 496-0551

7  J. MARK MOORE (SBN 180473)
   mark@spiromoore.com
8  IRA SPIRO (SBN 67641)
   ira@spiromoore.com
9  H. SCOTT LEVIANT (SBN 200834)
   scott@spiromoore.com
10 **SPIRO MOORE LLP**
   11377 W. Olympic Blvd., 5th Floor
11 Los Angeles, California 90064-1683
   Telephone:  (310) 235-2468
12 Facsimile:   (310) 235-2456

13 Attorneys for Plaintiffs and the Class

14

15                 UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17

18 | BRADLEY B. LARSEN, as Trustee of | Case No. SACV 10-00401 AG (MLGx)
   | the BRAD AND CINDY LARSEN |
19 | LOVING TRUST, et al., | CLASS ACTION
20 |          Plaintiffs, |
   | | ~~[PROPOSED]~~ **ORDER AND FINAL**
21 |       vs. | **JUDGMENT**
22 | COLDWELL BANKER REAL |
   | ESTATE CORPORATION, a California |
23 | corporation, doing business as |
   | COLDWELL BANKER |
24 | COMMERCIAL AFFILIATES, INC., et | Date Action Filed: April 2, 2010
   | al. | Trial Date:          Vacated
25 |          Defendants. |
26

27

28

Case No. SACV 10-00401 AG (MLGx)          Page 1
ORDER AND FINAL JUDGMENT

## ORDER AND FINAL JUDGMENT

1    This matter came before the Court for hearing of Plaintiffs' Motion for Final

Approval pursuant to the Preliminary Order Approving Settlement and Providing

Notice of this Court, dated September 10, 2012 ("Preliminary Approval Order"), on

the application of the Parties for approval of the Settlement set forth in the Stipulation

of Class Action Settlement and Class Action Settlement Agreement dated as of July

30, 2012 (the "Agreement"). Due and adequate notice having been given to the

Settlement Class Members as required in said Preliminary Approval Order, and the

Court having considered all papers filed and proceedings had herein, including its

prior order certifying this Action as a class action pursuant to Federal Rule of Civil

Procedure 23, and otherwise being fully informed in the premises and good causes

appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

that:

1.    This Judgment incorporates by reference the definitions in the

Agreement, and all terms used herein shall have the same meanings as set forth in

the Agreement, unless otherwise set forth herein.

2.    The Court has jurisdiction over the subject matter of the Action, and

jurisdiction over the Plaintiffs, all Settlement Class Members and the Defendants.

3.    The Notice Packet was given to all Settlement Class Members who

could be identified with reasonable effort. The form and method of notifying the

Class of the pendency of the Action as a class action and of the terms and

conditions of the proposed Settlement met the requirements of Rule 23 of the

Federal Rules of Civil Procedure, due process, and any other applicable law,

constituted the best notice practicable under the circumstances, and constituted due

and sufficient notice to all persons and entities entitled thereto.

4.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby

approves the Settlement set forth in the Agreement, including the releases

1   contained in the Agreement, the amount and timing of consideration being paid by

2   the Defendants, and all other terms of the Agreement as fair, reasonable and

3   adequate to the Class within the meaning of Rule 23 of the Federal Rules of Civil

4   Procedure.  The Court further finds that the parties have conducted more than

5   adequate investigation and research, and the attorneys for the parties are able to

6   reasonably evaluate their respective positions.  The Court also finds that settlement

7   at this time will avoid additional substantial costs, as well as avoid the delay and

8   risks that would be presented by the further prosecution of the action.  The Court

9   has reviewed the monetary recovery being granted as part of the settlement and

10  recognizes the value accruing to the Settlement Class Members, balanced against

11  substantial risk of no recovery if the matter were to proceed.  **The Court also finds**

12  **that no objections were submitted and no timely requests for exclusion were**

13  **received**.  Plaintiffs and Defendants are directed to exercise their best efforts to

14  consummate the Settlement in accordance with the terms set forth in the

15  Agreement.

16      5.      Accordingly, the Court authorizes and directs implementation of all the

17  terms and provisions of the Agreement, as well as the terms and provisions hereof.

18  The Court hereby dismisses the Action and all Released Claims of the Plaintiffs

19  and Settlement Class Members with prejudice, without costs as to any Party, except

20  as and to the extent provided in the Stipulation and herein.

21      6.      Upon the Effective Date, the Action and all claims contained therein,

22  as well as all of the Released Claims, will be dismissed with prejudice in favor of

23  Defendants against Plaintiffs and all other Settlement Class Members (except

24  Excluded Settlement Class Members) and each Settlement Class Member shall be

25  deemed to have, and by, this Judgment, fully, finally, and forever released,

26  relinquished, and discharged the Released Parties from any and all Released

27  Claims.

28      7.      Neither this Judgement, the Agreement nor any of its terms or

provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    (a)    offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs in the Action or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the deficiency of any defense that could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

    (b)    offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

    (c)    offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment and the Agreement;

    (d)    construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    (e)    construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class

Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

8.      Any plan of allocation submitted by Class Counsel or any order entered regarding (i) reimbursement to the REP Bankruptcy Estate (if any); (ii) the Class Counsel Award; (iii) the Class Representative Service Awards; (iv) Individual Settlement Payments; and (v) the Settlement Administration Costs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. The Order allocating the Gross Settlement Fund, submitted concurrently with this Order and Final Judgement, directs that specific payments be made from the Gross Settlement Fund.

9.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for the Class Counsel Award; (d) all Parties hereto for the purpose of construing, enforcing and administering the Agreement; and (e) exclusive jurisdiction to enforce the plan of allocation.

10.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

/ / /

1        11.    There is no reason for delay in the entry of this Judgment and

2    immediate entry by the Clerk of the Court is expressly directed pursuant to Rule

3    54(b) of the Federal Rules of Civil Procedure.

4    **IT IS SO ORDERED.**

5

6    Dated:   MARCH 5, 2013    _____

7                             Hon. ANDREW J. GUILFORD
                         UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

1   MICHAEL R. NEWHOUSE (SBN 211204)
    mnewhouse@newhouseseroussi.com
2   RUTH L. SEROUSSI (SBN 182623)
    rseroussi@newhouseseroussi.com
3   SUZANNE M. HENRY (SBN 204772)
    shenry@newhouseseroussi.com
4   **NEWHOUSE|SEROUSSI Attorneys, PC**
    1800 Century Park East, 6th Floor
5   Los Angeles, California 90067
    Telephone: (310) 684-3162
6   Facsimile:  (310) 496-0551

7   J. MARK MOORE (SBN 180473)
    mark@spiromoore.com
8   IRA SPIRO (SBN 67641)
    ira@spiromoore.com
9   H. SCOTT LEVIANT (SBN 200834)
    scott@spiromoore.com
10  **SPIRO MOORE LLP**
    11377 W. Olympic Blvd., 5th Floor
11  Los Angeles, California 90064-1683
    Telephone:  (310) 235-2468
12  Facsimile:  (310) 235-2456

13  Attorneys for Plaintiffs and the Class

14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17

18  BRADLEY B. LARSEN, as Trustee of       Case No. SACV 10-00401 AG (MLGx)
    the BRAD AND CINDY LARSEN
19  LOVING TRUST, et al.,                  CLASS ACTION

20          Plaintiffs,

21      vs.                                [PROPOSED] ORDER
                                           ALLOCATING PAYMENTS FROM
22  COLDWELL BANKER REAL                   GROSS SETTLEMENT FUND
    ESTATE CORPORATION, a California
23  corporation, doing business as
    COLDWELL BANKER
24  COMMERCIAL AFFILIATES, INC., et
    al.                                    Date Action Filed: April 2, 2010
25          Defendants.                    Trial Date:        Vacated

26

27

28

## ORDER ALLOCATING PAYMENTS FROM GROSS SETTLEMENT FUND

This matter came before the Court for hearing of Plaintiffs' Motion for Final Approval pursuant to the Preliminary Order Approving Settlement and Providing Notice of this Court, dated September 10, 2012 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Class Action Settlement and Class Action Settlement Agreement dated as of July 30, 2012 (the "Agreement"). Concurrent with the issuance of this Order of Allocation, the Court has issued an Order finally approving the terms of the Agreement and entering Judgment. This Court finds that, due to the existence of the matter entitled *In re Real Estate Partners, Inc.* (the "REP Bankruptcy Estate") (United States Bankruptcy Court for the Central District of California Case No. 8:07-bk-13239-TA), and Orders issued therein and affecting the distribution of the Gross Settlement Fund, this Court should issue an Order allocating payments from the Gross Settlement Fund.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Gross Settlement Fund shall be allocated as follows:

1.     This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise set forth herein.

2.     $1,000,000 shall be paid to the REP Bankruptcy Estate to reimburse the REP Bankruptcy Estate for the hourly fees paid to Class Counsel;

3.     $325,922.31 shall be paid to the REP Bankruptcy Estate to reimburse cost bills paid to Class Counsel;

4.     $20,296.13 shall be paid to Spiro Moore to reimburse reasonable and necessary costs incurred in the litigation of this matter;

5.     $2,312,500 shall be paid to Class Counsel as reasonable fees for their work on behalf of the Settlement Class Members. This allocation is in addition to

the $1,000,000 previously paid to Class Counsel from the REP Bankruptcy Estate in the form of capped, reduced-rate hourly fees. The Court finds that the Class Counsel's diligent litigation of this matter, and the result obtained thereby, justifies total compensation equivalent to 35% of the Gross Settlement Fund. The Court also finds that the small lodestar multiplier of less than 1.23 was necessary to align Class Counsel's total compensation with the requested fee, which is reasonable in light of the results obtained and the difficulty of the litigation.

6.    $17,221 shall be paid to Kurtzman Carson Consultants, LLC, as compensation for class action administration services provided and to be provided by Kurtzman Carson Consultants, LLC.

7.    $25,000 shall be paid to Bradley B. Larsen, as Trustee of the Brad and Cindy Larsen Loving Trust, as a Class Representative Service Award. $25,000 shall be paid to Jimmy R. Bunch, Jr. as a Class Representative Service Award. $25,000 shall be paid to Stephen J. Woodward as a Class Representative Service Award. $25,000 shall be paid to Sun Holdings, LLC as a Class Representative Service Award. $25,000 shall be paid to Daniel Todd as a Class Representative Service Award.

8.    Of the amount remaining after deductions from the Gross Settlement Fund, 50% of that Net Settlement Amount, or $2,724,530.28, and 50% of any interest earned on the amounts deposited, shall be paid to the REP Bankruptcy Estate, and 50% of that Net Settlement Amount, or $2,724,530.28, and 50% of any interest earned on the amounts deposited, shall be distributed pursuant to the terms of the Agreement, to Settlement Class Members.

9.    A summary of the distribution of the Gross Settlement Amount is as follows:

| Item | Amount |
|---|---|
| Gross Settlement Fund | $9,250,000.00 |
| Hourly fees reimbursed to REP Bankruptcy Estate | ($1,000,000.00) |
| Costs reimbursed to REP Bankruptcy Estate | ($325,922.31) |
| Unreimbursed costs to Spiro Moore | ($20,296.13) |
| Third-party administrator charges (KCC) | ($17,221.00) |
| Class Representative Service Awards | ($125,000.00) |
| Fees to Class Counsel | ($2,312,500.00) |
| Net allocation to REP Bankruptcy Estate | ($2,724,530.28) |
| Net allocation to Class Members action | ($2,724,530.28) |
| **REMAINDER** | $0.00 |

**IT IS SO ORDERED.**

Dated: **MARCH 5, 2013** _____

Hon. ANDREW J. GUILFORD
UNITED STATES DISTRICT COURT JUDGE